# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LENORRIS CODY,                          )
                                        )
    Petitioner,           )
                                        )
v.                                      )    Case No. CV407-077
                                        )
ALEXIS E. L. CHASE, *Warden at*         )
*Men's State Prison*,                   )
                                        )
    Respondent.           )

## REPORT AND RECOMMENDATION

Lenorris Cody, currently incarcerated at Men's State Prison in Hardwick, Georgia, has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondent has filed an answer opposing the petition. (Doc. 8.) For the reasons that follow, the petition should be **DENIED**.

## I.  BACKGROUND

On January 8, 2004, a Chatham County jury convicted Cody of possession of cocaine. (Doc. 1 at 3; Resp't's Ex. 2 at 75.)

Although he was sentenced as a recidivist to a total of thirty years' imprisonment, he was only required to serve five years with the balance suspended. (Resp't's Ex. 2 at 99.) On October 5, 2004, the superior court denied Cody's motion for new trial. (Id. at 117.)

Cody appealed, contending that: (1) the trial court erred in refusing to give his requested jury charge on equal access; (2) the verdict was contrary to the evidence; (3) the verdict was decidedly against the weight of the evidence; (4) the verdict was contrary to the law; (5) his motion for directed verdict based on evidence insufficiency should have been granted; (6) the officer's stop of his vehicle was pretextual; (7) a motion to suppress should have been granted; and (8) the trial court improperly considered uncounseled prior convictions in sentencing him as a recidivist. Cody v. State, 619 S.E.2d 811 (Ga. Ct. App. 2005). On August 16, 2005, the Georgia Court of Appeals affirmed his conviction. Id.

On October 12, 2005, Cody filed a state habeas corpus petition in the Superior Court of Baldwin County, contending that: (1) he was denied effective assistance of appellate counsel because appellate counsel failed to investigate the case and failed to raise a

number of trial counsel ineffectiveness grounds;[1] (2) appellate counsel should have notified him of the appellate decision within the ten-day deadline for moving for reconsideration; (3) he was denied effective assistance of trial counsel because counsel did not call any witnesses, put up any evidence, complete trial preparation, or put the state's case to adversarial testing; (4) his Miranda rights were violated; (5) he was denied the opportunity to cross-examine witnesses at trial; and (6) the search and seizure were illegal. (Resp't's Ex. 1; Resp't's Ex. 3.)  The state habeas court entered an order denying his petition on March 22, 2006.  (Resp't's Ex. 3.)  On November 6, 2006, the Georgia Supreme Court denied his application for a certificate of probable cause to appeal the state habeas court's decision.  (Resp't's Ex. 4.)

Cody timely filed this federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 1, 2007, asserting the following grounds for relief:

---

[1] Although it is not entirely clear from his state habeas petition, Cody appears to have alleged that appellate counsel performed ineffectively by neglecting to challenge trial counsel's failure to:  (1) call any witnesses, (2) investigate, (3) put up any evidence, (4) file a timely motion to suppress, (5) argue that his Fifth and Fourteenth Amendment rights were violated, (6) adequately prepare, and (7) make the adversary testing process work. (Resp't's Ex. 1 at 12, 2.)

1. Trial counsel was ineffective for failing to:

    a. contest a pretextual stop;
    b. contest an illegal search and seizure;
    c. request a preliminary hearing;
    d. file motions in support of innocence and to suppress the illegally searched and seized evidence;
    e. contest the false police report;
    f. call the officer that initiated the stop as a witness;
    g. call the owner of the vehicle as a witness;
    h. adequately develop material facts; and
    i. challenge the failure to give Miranda warnings before interrogating petitioner.

2. Appellate counsel was ineffective for failing to:

    a. challenge trial counsel's failure to file a motion to suppress evidence;
    b. investigate the case;
    c. adequately develop material facts;
    d. raise constitutional issues at the motion for new trial or on direct appeal;
    e. timely file Cody's appeal; and
    f. notify him when the appellate court ruled on the case, thus allowing the ten-day reconsideration period to expire.

3. The trial court erred by:

    a. refusing to give Cody his requested jury charge on equal access;
    b. denying his motion for a directed verdict;
    c. allowing the prosecution to shift the burden of proof to Cody;
    d. allowing evidence of uncounseled former guilty pleas that were used to unconstitutionally enhance his sentence;
    e. admitting evidence obtained from an illegal search and seizure (pretextual stop/no probable cause); and

    f. allowing perjured testimony, including a false and illegal police report.

(Doc. 1.)

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) placed "a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Williams v. Taylor, 529 U.S. 362, 412 (2000); Bell v. Cone, 535 U.S. 685, 693 (2002) (AEDPA was intended "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."); see Peterka v. McNeil, 532 F.3d 1199, 1200-01 (11th Cir. 2008) (under AEDPA a federal court's review of a state court ruling is "'greatly circumscribed and highly deferential to the state courts'") (citation omitted); Trotter v. Sec'y, Dep't of Corr., No. 07-15755, 2008 WL 2813862 (11th Cir. July 23, 2008) (AEDPA limits a federal court's review of a state court's decisions "'and establishes a general framework of substantial deference for reviewing every issue that

the state courts have decided.'") (citations omitted). These new restrictions on federal habeas review are set forth in 28 U.S.C. § 2254(d), which provides that a federal court may grant a writ of habeas corpus for a claim adjudicated on the merits in state court only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning and furnish separate bases for reviewing a state court's decisions. Bell, 535 U.S. at 694; Williams, 529 U.S. at 404-05; Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court decision is "contrary to" clearly established federal law[2] if the state court arrives at a conclusion

---

[2] The statutory reference to "clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S.

opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. <u>Williams</u>, 529 U.S. at 405-06, 412-13. A state court decision involves an "unreasonable application" of clearly established federal law where that decision correctly identifies the governing legal rule from the Supreme Court's cases but applies it unreasonably to the facts of the particular prisoner's case. <u>Id.</u> at 407-08, 413. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Id.</u> at 411. Instead, the appropriate inquiry is whether the state court's application of Supreme Court precedent was "objectively unreasonable." <u>Id.</u> at 409; <u>Bell</u>, 535 U.S. at 694; <u>Parker v. Head</u>, 244 F.3d 831, 835 (11th Cir. 2001). Conditioning the writ of federal

---

at 412. A federal habeas court may not look to "the case law of the lower federal courts" in determining what federal law is "clearly established." <u>Putnam</u>, 268 F.3d at 1241. This is a retrenchment from former practice, which allowed the federal courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court when conducting habeas review of a state court judgment. <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), <u>rev'd on other grounds</u>, 519 U.S. 1074 (1997).

habeas corpus upon a finding that the state court's legal analysis was *unreasonable* presents "a substantially higher threshold" than the pre-AEDPA standard. Schriro v. Landrigan, 500 U.S. _____, 127 S.Ct. 1933, 1939 (2007).

A state court's factual findings "shall be presumed to be correct" unless rebutted by the petitioner "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption of correctness applies to findings of fact made by both state trial and appellate courts. Dill v. Allen, 488 F.3d 1344, 1354 (11th Cir. 2007). This deference to state court fact findings, however, does not apply to mixed determinations of law and fact. Parker, 244 F.3d at 836.

A state court's decision rejecting a constitutional claim on the merits is entitled to deference even if the decision is summary in nature and offers no discussion of the court's reasoning. Wright v. Moore, 278 F.3d 1245, 1253-54 (11th Cir. 2002) (two-sentence opinion affirming defendant's conviction constituted a rejection of his claim on the merits so as to warrant deference); Parker, 331 F.3d at 776 ("the summary nature of [the] decision does not lessen

the deference that it is due"). With these considerations in mind, the Court will now turn to Cody's asserted grounds for relief.

## III. ANALYSIS

Several of Cody's claims are procedurally defaulted and are therefore not subject to review by this Court.

### A. Procedural Default

The federal courts' respect of state procedural default rules is rooted in Supreme Court precedent. In <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Id.</u> at 750. Echoing the holding in <u>Coleman</u>, the Eleventh Circuit has stated that a § 2254 petitioner who improperly raises his federal claim in state court is "procedurally barred from pursuing the same claim in federal court absent a showing of cause for and

actual prejudice from the default," Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)), or a showing of a "fundamental miscarriage of justice" arising from a colorable claim of actual innocence. Id. at 1306.

"Such procedural default can arise two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, Sykes requires the federal court to respect the state court's decision." Id. (citing Atkins v. Singletary, 965 F.2d 952, 956 (11th Cir. 1992)). "Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court." Id. (citing Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir. 1998)); see also Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998). In other words, "[a] federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims, or (2) are not exhausted but would clearly

be barred if returned to state court." Sims v. Singletary, 155 F.3d 1297, 1313 (11th Cir. 1998) (citations omitted).

### 1. *Unexhausted Claims*

Cody raises a number of claims in his federal habeas petition that he never raised in state court, either on direct appeal or during his state habeas case: grounds 1(c), (d), and (e); grounds 2(c) and (e), and; grounds 3(c) and (f).[3] "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."

---

[3] In grounds 1(c) and (e), Cody alleges that trial counsel was ineffective for failing to request a preliminary hearing and for failing to contest a false police report, respectively. In grounds 2(c) and (e), Cody alleges that appellate counsel performed ineffectively by failing to adequately develop material facts and failing to timely file his appeal. In grounds 3(c) and (f), Cody asserts that the trial court erred by allowing the prosecution to shift the burden of proof to Cody and allowing perjured testimony, including a false and illegal police report.

In ground 1(d), Cody alleges that trial counsel was ineffective for failing to file motions in support of innocence and a motion to suppress illegally searched and seized evidence. Because Cody raised his claim that trial counsel was ineffective for failing to file a motion to suppress on direct appeal, he has exhausted that claim. The following discussion, therefore, addresses only the portion of ground 1(d) alleging that trial counsel was ineffective for failing to file motions in support of innocence.

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317, 1344 (11th Cir. 2004) ("To properly exhaust a claim, 'the petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.'"); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). Because Cody failed to raise the above grounds during any of his state proceedings, they are unexhausted.

Although ordinarily a federal court must require a habeas petitioner to present his unexhausted claims to a state court, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default," the federal court "can forego the needless 'judicial ping-pong'" by applying the state's procedural bar rule for the state court where there is no "reasonable possibility that an exception to the procedural bar may still be available to the petitioner." Snowden, 135 F.3d at 736-737; Bailey, 172 F.3d at 1305 ("federal

courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile"); Chambers, 150 F.3d at 1327. "The unexhausted claims should be treated as if procedurally defaulted." Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (citing Bailey, 172 F.3d at 1302).[4]

No purpose would be served by requiring Cody to return to the state courts in an effort to exhaust the claims first presented in his federal petition, for it is clear a state habeas court would find these claims to be procedurally defaulted. Under Georgia's successive petition rule, a petitioner is required to raise all grounds for relief in his initial or amended state habeas petition. O.C.G.A. §

---

[4] The Supreme Court and the Eleventh Circuit have noted that because § 2254(b)'s exhaustion requirement "refers only to remedies still available at the time of the federal petition," a remedy is technically "exhausted" when it is no longer available due to a state law procedural rule. Engle v. Isaac, 456 U.S. at 125 n.28; Woodford v. Ngo, 548 U.S. 81, 92-93 (2006); Gray v. Netherland, 518 U.S. 152, 161 (1996); Chambers, 150 F.3d at 1326-27. Nevertheless, "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court . . . Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." Woodford, 548 U.S. at 92; Sims, 155 F.3d at 1311 ("A federal court must dismiss those claims that are procedurally barred under state law.") (citing Harris v. Reed, 489 U.S. 255 (1989)).

9-14-51. Any grounds not raised are considered defaulted, unless state or federal constitutional law requires review or unless the claim could not have reasonably been raised in the original petition.

Id. As the Eleventh Circuit noted in Chambers:

> [t]he Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'

150 F.3d at 1327 (citing O.C.G.A. § 9-14-51). Cody did not raise any of the above grounds for relief in his state habeas petition despite the fact that they were available to be raised at that time. (Resp't's Ex. 1.) Accordingly, because these claims would now be barred by Georgia's successive petition rule, the Court should treat these claims as no basis for federal habeas relief absent a showing of cause and prejudice, or a fundamental miscarriage of justice based on actual innocence.[5] Id. at 1306. Cody fails to allege cause

---

[5] Additionally, although grounds 1(c), (d), and (e), along with grounds 3 (c) and (f), were all available to be raised on direct appeal, Cody failed to raise them at that time. A state habeas court could also find these unexhausted claims to be procedurally barred under Georgia's contemporaneous-objection rule, O.C.G.A. § 9-14-48(d), which states that claims not raised in a timely

for or prejudice resulting from his failure to raise these claims at the proper time during his state court proceedings, nor has he shown that he is actually innocent of the drug charge. Accordingly, these claims should be denied as procedurally defaulted.

### 2. *Grounds Premised on the Failure to File a Motion to Suppress*

Cody contends that in ground 3(e) the trial court erred by admitting evidence obtained pursuant to an illegal search and seizure. He also asserts that his trial counsel performed ineffectively by failing to contest the allegedly pretextual stop and illegal search and seizure, grounds 1(a) and (b), and by failing to file a motion to suppress the allegedly illegally seized evidence (ground 1(d)). All of these grounds are procedurally defaulted.

---

manner under the proper procedure at trial or on direct appeal may not be reviewed in a habeas corpus proceeding absent a showing of cause and prejudice or a miscarriage of justice. Thus, even if these claims had been asserted in Cody's original state habeas petition, the state court would have declined to consider them absent a showing of cause and prejudice or a miscarriage of justice. See Turpin v. Todd, 493 S.E.2d 900 (Ga. 1997) (applying O.C.G.A. § 9-14-48(d)); Black v. Hardin, 336 S.E.2d 754 (Ga. 1985) (failing to object to any alleged trial court error or to pursue such error on appeal will generally preclude review by writ of habeas corpus).

### i. Ground 3(e)

The state appellate court held that because Cody failed to file a motion to suppress or object to the challenged evidence at trial, he "waived any objection to the evidence on the ground that it was obtained by an illegal search and seizure." Cody, 619 S.E.2d at 813 (quoting Horton v. State, 604 S.E.2d 273, 276 (Ga. Ct. App. 2004) (noting that state law bars a defendant from objecting to a search and seizure where he fails to file a written motion to suppress or object to the admission of the evidence at trial)).

Cody also contested the legality of the search and seizure during his state habeas case. (Resp't's Ex. 3 at 6.) The state habeas court found that because this ground was raised and decided adversely to Cody during his direct appeal, it could not be relitigated in a state habeas action. (Id. (citing Gaither v. Gibby, 475 S.E. 2d 603, 603 (Ga. 1996)).

In its response to Cody's habeas petition, the state argues that Cody's claim that the trial court erred by admitting evidence obtained pursuant to an illegal search and seizure, ground 3(e), is barred by Stone v. Powell, 428 U.S. 465 (1976). In Stone, the

Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494. Here, the state courts provided Cody with a full and fair opportunity to present his Fourth Amendment claim, yet he failed to adhere to Georgia's procedural rules and thereby waived his claim. Accordingly, this Court cannot grant habeas relief on this ground.[6]

## ii. Grounds 1(a), (b), and (d) and Ground 2(a)

Despite the fact that the Court is precluded from reviewing Cody's Fourth Amendment claim, the Court is not prohibited from considering Cody's allegations that his trial counsel performed

---

[6] In addition, because the highest state court to review ground 3(e) found the claim procedurally barred, this Court should hold that Cody is procedurally barred from pursuing this "claim in federal court absent a showing of cause for and prejudice from the default." Bailey, 172 F.3d at 1302; see also Harris, 489 U.S. at 262 ("an adequate and independent finding of [a state] procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice'") (citations omitted). The cause and prejudice inquiry will be discussed in the following pages. As discussed below, Cody has not shown cause and prejudice (due to ineffective assistance of counsel or otherwise) for his default.

ineffectively by failing to file a motion to suppress, since the Supreme Court has rejected the contention that "Stone's restriction on federal habeas review of Fourth Amendment claims should be extended to Sixth Amendment ineffective-assistance-of-counsel claims which are founded primarily on incompetent representation with respect to a Fourth Amendment issue." Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986).[7]

Cody alleges that he did not file a timely motion to suppress due to the ineffectiveness of his trial attorney, grounds 1(a), (b), and (d). During his state appellate proceeding, Cody also argued that his trial attorney performed ineffectively by failing to file a motion to suppress. Cody, 619 S.E. 2d at 814. The state appellate court found this claim procedurally defaulted as Cody did not raise it at the earliest practicable moment as required by Glover v. State, 465 S.E.2d 659 (1996) ("the rule that an ineffectiveness claim must be raised 'at the earliest practicable moment' requires that the claim be raised *before appeal* if the opportunity to do so is available

---

[7] Additionally, to the extent that Cody alleges that his trial attorney performed ineffectively by failing to file a motion to suppress, he has alleged "cause" for his state court procedural default.

. . . [and] that the ability to raise the issue on a motion for new trial represents such an opportunity") (emphasis in original).[8]  During his state habeas case, Cody also alleged that his trial counsel performed ineffectively by failing to file a timely motion to suppress.  (Resp't's Ex. 1, Br. at 7.)  The state habeas court, however, declined to address this claim for relief.  (Resp't's Ex. 3.)  Therefore, the "highest state court" to consider this claim was the state appellate court.  Sims, 155 F.3d at 1313.  Because the state appellate court found Cody procedurally barred from asserting this claim, he cannot now raise this claim either as an independent Sixth Amendment claim or as "cause" to excuse his state court procedural default regarding ground 3(e) absent a showing of "cause for and actual prejudice from the default."  Bailey, 172 F.3d at 1302; see also Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000) ("[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and

---

[8] "Cody, who was represented by new counsel at his motion for new trial," never alleged that his trial counsel was ineffective for failing to file a motion to suppress despite the fact that the claim was available to be raised at that time.  Cody, 619 S.E.2d at 814.

prejudice' standard with respect to the ineffective-assistance claim itself.").

In ground 2(a) of his present petition, Cody alleges that his appellate counsel performed ineffectively by failing to challenge trial counsel's failure to file a motion to suppress. Accordingly, he has alleged "cause" for his procedural default. The Court finds, however, that Cody fails to show sufficient grounds to excuse his procedural default. During his state habeas proceeding, Cody also alleged that his appellate attorney performed ineffectively by failing to argue, during the motion for new trial, that trial counsel performed ineffectively by failing to file a motion to suppress. (Resp't's Ex. 1, Br. at 3, 12; Resp't's Ex. 2 at 7-9.) The state habeas court held a hearing on Cody's claim during which it heard testimony from Cody and his appellate counsel. (Resp't's Ex. 2 at 5, 7-9, 12.) At the hearing, it was established that Cody's appellate counsel was an experienced criminal attorney who had been practicing in Georgia for over twenty-five years. (Id. at 6.) After being retained, he obtained and reviewed a copy of the trial transcript and interviewed Cody's trial counsel. (Id. at 6-7, 9.) He

corresponded with Cody and reviewed the issues that Cody suggested that he investigate, including trial counsel's failure to file a timely suppression motion. (Id. at 7.) He also filed and attended a hearing on a motion for new trial. (Id.) He testified that he considered raising Cody's contention that trial counsel performed ineffectively by failing to file a timely suppression motion during the motion for new trial, but decided not to after determining that the motion to suppress would have been meritless.[9] (Id. at 9.) Specifically, he testified that Cody was stopped by police for driving without a seatbelt and that while the officer was running his license and registration, a deputy sheriff ran a canine around the car. (Id. at 8.) The canine alerted and Cody then consented to a search of his vehicle during which drugs were found. (Id.) While Cody was in the booking area of the jail, an officer noticed a bag containing cocaine on the floor near Cody's foot. (Id.) Cody's appellate counsel testified that while there was some issue as to

---

[9] In Kimmelman, the Supreme Court held that "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice. 477 U.S. at 375.

whether that bag fell from Cody's sock or another inmate's sock, he thought that that was a proper question of fact for the jury to decide. (Id.)

Applying Strickland v. Washington, 466 U.S. 668 (1984), the state habeas court found Cody "failed to meet his burden to show that appellate counsel's decisions were unreasonable or that counsel committed any error that prejudiced Petitioner." (Resp't's Ex. 3 at 4.) After reviewing the record, this Court finds that the state habeas court's determination of the facts and application of controlling Supreme Court authority was reasonable. Cody's appellate counsel correctly concluded that officers had probable cause to stop his vehicle after observing that he was not wearing his seatbelt. See Whren v. United States, 517 U.S. 806, 810 ("[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). In addition, he correctly surmised that using a canine to sniff the outside of the vehicle during the lawful traffic stop did not implicate constitutional concerns. See Illinois v. Caballes, 543 U.S. 405, 409 (2005). Once the canine alerted, officers had probable

cause to search the vehicle. See United States v. Banks, 3 F.3d 399, 402 (11th Cir. 1993) (per curiam) (holding that probable cause is established when a drug-trained canine alerts to drugs). In addition, because Cody consented to the search, probable cause to search was not necessary. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) ("one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent"). Finally, whether the cocaine on the floor of the jail belonged to Cody or another inmate was a proper question of fact for the jury. See Gonzales v. United States, 929 F. Supp. 252, 254 (E.D. Mich. 1996) ("Determining whether the [defendant] in fact possessed a controlled substance is a question of fact normally left for the jury to decide."). Because the proposed motion to suppress would have lacked merit, trial counsel did not perform ineffectively by failing to file it. Consequently, Cody's appellate counsel did not perform ineffectively by failing to challenge trial counsel's failure to file the motion. Since the state habeas court reasonably applied controlling federal law in deciding Cody's ineffective assistance of appellate

counsel claim, Cody has failed to show "cause for" and "prejudice" resulting from his state court procedural default. Nor has he demonstrated his actual innocence of the drug offense. Accordingly, this Court may not disturb the state court's holdings that grounds 1(a), (b), and (d) and ground 3(e) are procedurally defaulted. These grounds for relief should be denied. Additionally, Cody's independent Sixth Amendment claim of ineffective assistance of appellate counsel based on counsel's failure to challenge trial counsel's failure to file a suppression motion, ground 2(a), should be denied.

### iii. Other Procedurally Defaulted Claims

Grounds 1(f), (g), and (h)[10] are also procedurally defaulted. The state habeas court found that Cody was procedurally barred

---

[10] In grounds 1(f) and (g), Cody alleges that trial counsel performed ineffectively by failing to call the officer that initiated the stop as a witness and by failing to call the owner of the vehicle as a witness. (Doc. 2.) In ground 1(h), he claims that trial counsel performed ineffectively by failing to adequately develop material facts. (Id.) These grounds were all addressed in ground one of his state habeas petition. See (Resp't's Ex. 3 at 5) (grouping together Cody's contentions that he was denied effective assistance of trial counsel "because counsel did not call any witnesses, did not put up any evidence, did not complete trial preparation, and did not put the state's case to adversarial testing"); see also, (Resp't's Ex. 1, Brief at 4, 6-7) (wherein Cody sets forth allegations that trial counsel erred by failing to call the arresting officer and owner of the vehicle as a witnesses and by failing to "put up any evidence").

under O.C.G.A. § 9-14-48 from asserting these claims.[11] (Resp't's Ex. 3 at 5-6.) Because Cody failed to raise these grounds for relief on direct appeal in violation of Georgia's procedural rules requiring him to do so, the state habeas court properly found these claims to be procedurally defaulted under O.C.G.A. § 9-14-48(d). Consequently, absent a showing of "cause for and prejudice from the procedural default," this Court must respect the state habeas court's determination. Atkins, 956 F.2d at 956.

During his state habeas proceeding, Cody argued that his appellate counsel performed ineffectively by failing to raise a claim of ineffective assistance of trial counsel "based on the number of errors [counsel] made" during trial, including the above errors. (Resp't's Ex. 1, Brief at 2-3, 12-13.) As discussed above, the state habeas court, applying Strickland, found that Cody "failed to meet

---

[11] Specifically, the state habeas court found Cody procedurally barred from asserting that his trial counsel performed ineffectively by failing to call any witnesses, put up any evidence, complete trial preparation, and put the case to adversarial testing since he failed to raise those claims during his direct appeal. (Resp't's Ex. 3 at 5-6.) Cody had different counsel on appeal than during trial. See (Doc. 1 at 7) (noting that Cody was represented by Gary Michael Newberry from his preliminary hearing through sentencing and William O. Cox on appeal).) These grounds correspond to grounds 1(f), (g), and (h) of the present federal habeas petition.

his burden to show that appellate counsel's decisions were unreasonable or that counsel committed any error that prejudiced" him since appellate counsel "examined the possibility of raising trial counsel ineffectiveness," but did not, after finding "no basis for doing so." (Resp't's Ex. 3 at 3-4.) This Court finds that the state habeas court reasonably applied "clearly established" Supreme Court precedent to this claim. As Cody has not established cause for and prejudice from his procedural default, nor shown that he is actually innocent, grounds 1(f), (g), and (h) should be denied.

## B. Grounds Adjudicated on the Merits

### i. Claims Adjudicated in State Habeas Court

During his state habeas case, Cody argued that his appellate counsel performed ineffectively by failing to investigate the case, ground 2(b), and failing to notify him when the appellate court ruled on his case, thereby allowing the ten-day reconsideration period to expire, ground 2(f). (Resp't's Ex. 3 at 2, 4.) The state habeas court, applying <u>Strickland</u>, found that appellate counsel

adequately investigated the case. (Id. at 2-4.) The state habeas court also found that Cody's contention that his appellate counsel erred by failing to timely inform him of the state appellate court's decision did not state a claim for relief. (Id. at 4-5.) The Georgia Supreme Court denied Cody's application for a certificate of probable cause to appeal the state habeas court's decision. (Resp't's Ex. 4.) As Cody has properly exhausted these claims, the Court will now review them.

The record indicates that the state habeas court properly applied the Strickland test to Cody's claim that his appellate attorney performed ineffectively by failing to investigate the case. (Resp't's Ex. 3 at 4.) During the state habeas hearing on this claim, the Court heard testimony from Cody and his appellate counsel. (Resp't's Ex. 2 at 5.) After thoroughly analyzing Cody's claim of ineffective assistance of appellate counsel under Strickland, the state habeas court determined that Cody failed to overcome the presumption of effective assistance in counsel's development of appellate strategy, as he had not satisfied either prong of the Strickland analysis and, therefore, denied relief on this ground.

(Id. at 5.) After reviewing the record, this Court finds the state habeas court's determination of the facts and application of controlling Supreme Court authority was reasonable. Therefore, this Court may not disturb the state court's holding, and this ground for relief should be denied.

During his state habeas proceeding, Cody also argued that his appellate attorney performed ineffectively by failing to notify him when the appellate court ruled on his case, thus allowing the ten-day reconsideration period to expire. (Resp't's Ex. 3 at 4.) The state habeas court found that appellate counsel's failure to inform Cody of the appellate decision within the ten-day deadline for moving for reconsideration did not provide a ground for relief since the Sixth Amendment "right to the assistance of counsel only extends to the first appeal of direct right and not to discretionary state appeals or certiorari petitions to the United States Supreme Court." (Id.); Wainwright v. Torna, 455 U.S. 586 (1982) (holding that since petitioner had no constitutional right to counsel to pursue discretionary review, he was not deprived of effective assistance of counsel by his retained counsel's failure to timely file

an application for certiorari); <u>Ross v. Moffitt</u>, 417 U.S. 600 (1974); <u>see also</u> <u>Pena v. United States</u>, 2008 WL 2371846, at *2 (2d Cir. June 12, 2008) (holding that appellate counsel was not constitutionally ineffective for failing to inform client of his right to file for certiorari); <u>Olalumade v. Johnson</u>, 220 F.3d 588, 588 (5th Cir. 2000) (holding that no constitutional right was implicated where appellate counsel failed for inform petitioner of the disposition of his direct appeal and failed to inform him of his right to file a petition for discretionary review); <u>Mills v. United States</u>, 2007 WL 4458304, at *4 (E.D.N.C. Dec. 14, 2007) (holding no constitutional right was implicated where appellate counsel failed to notify petitioner of the appellate court's decision until after the time for filing a petition for rehearing had expired); <u>Nix v. Warden, Warren Corr. Inst.</u>, 2007 WL 2326866, at *4 (S.D. Ohio Aug. 10, 2007) (same); <u>United States v. Colon</u>, 2002 WL 32351175, at *6 (E.D. Pa. Aug. 12, 2002) (same); <u>Culbreath v. Zimmerman</u>, 1990 WL 14459, at *2 (E.D. Pa. Feb. 15, 1990) (same); <u>but see</u> <u>Smith v. Ohio Dep't of Rehab. & Corrs.</u>, 463 F.3d 426, 433 (6th Cir. 2006) (holding that appellate counsel performed ineffectively by failing to

timely inform petitioner of the appellate court's decision). Cody has failed to demonstrate that the state habeas court's decision was contrary to existing Supreme Court precedent or that the state court applied clearly established federal law unreasonably. Nor has he shown that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. Accordingly, this ground for relief should be denied.

### ii. Claims Adjudicated on the Merits on State Direct Appeal

On direct appeal, Cody raised his claims that the trial court erred by: (1) refusing to give his requested jury charge on equal access, (ground 3(a)); (2) denying his motion for a directed verdict, (ground 3(b)); and (3) allowing evidence of former guilty pleas that were used to enhance his sentence in violation of the Constitution, (ground 3(d)). Cody, 619 S.E. 2d at 812, 813, 814. The Georgia Court of Appeals rejected his contentions, affirming his conviction on August 16, 2005. Id. Because Cody properly exhausted these claims, the Court will now address them.

Cody's claim regarding the refusal of the trial court to give him his requested jury charge on equal access is meritless. The requested charge read as follows:

> I charge you that merely finding contraband on premises or in an automobile occupied by the Defendant is not sufficient to support a conviction if it affirmatively appears that persons other tha[n] Defendant had equal opportunity to commit the crime.

Id. at 813. The state appellate court found that because Cody was the driver rather than a mere occupant of the vehicle, the requested jury charge was not properly tailored to the facts of the case, and therefore denial of the request was proper. Id. Cody has not demonstrated that the trial court's failure to give his proposed jury instruction was contrary to, or involved an unreasonable application of, Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, because failure to give the requested instruction does not rise to the level of a constitutional violation, this ground for relief fails. See United States v. Silverman, 745 F.2d 1386, 1395 (11th Cir. 1984) (noting that the trial judge is vested with broad discretion in formulating

the jury instruction as long as the instruction accurately reflects the facts and the applicable law) (citing <u>United States v. Borders</u>, 693 F.2d 1318, 1329 (11th Cir. 1982)).

During his direct appeal, Cody also raised his claim that the trial court erred by denying his motion for a directed verdict. The state appellate court found that based on the evidence produced at trial, any rational trier of fact could have found Cody guilty of possession of cocaine beyond a reasonable doubt. <u>Cody</u>, 619 S.E.2d at 813. After a thorough review of the record in this case, this Court agrees with the state appellate court that, "[b]ased on the evidence at trial, the jury was authorized to conclude that Cody constructively possessed the cocaine found in the automobile and actually possessed the cocaine that fell from his sock." <u>Id.</u> Because Cody fails to show that the trial court's denial of the directed verdict was inconsistent with Supreme Court precedent or involved an unreasonable determination of the facts, this claim for relief fails.

Lastly, during his direct appeal, Cody raised his claim that the trial court erred by allowing evidence of uncounseled former

guilty pleas to enhance his sentence (ground 3(d)). <u>Cody</u>, 619 S.E. 2d at 814. The state appellate court found that Cody's claim was factually meritless, since contrary to his contentions, he was represented by counsel during each of the prior five convictions considered by the trial court. <u>Id.</u> Additionally, the state appellate court found that since Cody failed to object to the admission of any of his prior convictions during trial, he waived his right to argue that the court erred in admitting them. <u>Id.</u> Because Cody fails to demonstrate that the state appellate court's decision was contrary to or unreasonably applied existing Supreme Court precedent or was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding, this ground for relief should be denied.

### C. Claims Raised But Not Addressed During State Court Proceedings

Although Cody contended in his state habeas petition that his trial counsel performed ineffectively by failing to assert that he was interrogated by the arresting officers without first being provided the <u>Miranda</u> warnings (ground 1(i)), the state habeas court did not

address the claim. (Resp't's Ex. 1 at 2, 9; Resp't's Ex. 3.) Rather, it grouped all of Cody's ineffective assistance of trial counsel claims together, neglecting to mention this claim, and found them all procedurally defaulted under O.C.G.A. § 9-14-48(d). (Resp't's Ex. 3 at 5.) "A habeas petitioner exhausts available state remedies when he fairly presents his claim for a state remedy even if the state never acts on his claim." Ogle, 488 F.3d at 1364. Accordingly, since Cody properly exhausted this claim, this Court must address it.

In addition to the exhausted claim of ineffective assistance of trial counsel, Cody also alleges that appellate counsel performed ineffectively by failing to raise "errors of constitutional dimensions" during the motion for new trial or on direct appeal, ground 2(d). (Doc. 1, Br. at 7.) Although Cody does not specify which constitutional errors he is referring to, he does reference violations of his Fifth Amendment and Miranda rights throughout his federal habeas petition. (Id., Br. at 6, 11.) Liberally construed, Cody's complaint can be read as alleging an independent Sixth Amendment claim of ineffective assistance of appellate counsel

based on appellate counsel's failure to raise the <u>Miranda</u> issue on appeal. <u>See</u> <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (courts must liberally construe *pro se* complaints). Accordingly, the Court will address both claims.

Cody alleges that "the [arresting] officers continuous[ly] interrogated [him]" without ever reading him his <u>Miranda</u> rights. (Doc. 1, Br. at 11.) To give context to his allegations, the Court must briefly step through the facts elicited at trial. Officer Banks testified that he stopped Cody for a seatbelt violation on January 25, 2003. (Trial Tr. 42.) Almost immediately after the stop, Officer Eaton and Deputy Darnerstat arrived at the scene. (<u>Id.</u> at 44.) Darnerstat walked his canine around the car, and it gave a "passive alert." (<u>Id.</u> at 45.) Banks then explained to Cody that the dog had alerted and asked Cody for consent to search the vehicle; Cody agreed. (<u>Id.</u> at 46.) Cody later took the stand and confirmed that he consented to the search. (<u>Id.</u> at 125.) After he consented, the officers let the dog sniff around the interior of the car. (<u>Id.</u> at 47.) Banks and Darnerstat then searched the vehicle. (<u>Id.</u>) They found a short clear straw under the front passenger seat, and a red plastic

straw was found in the center console. (Id.) In the rear seat, they discovered a blue plastic bag with some powder residue in it. (Id. at 48.) Banks asked Cody about the items, and he replied that "it was his girlfriend's car and his girlfriend's items." (Id.) Banks returned to the car and found two "crack" rocks in the center console. (Id.)

While Banks and Darnerstat searched the car, Officer Eaton, the third police officer involved in the stop, asked Cody about other crimes in the neighborhood to see if Cody had any information. (Id. at 58, 86-87.) At some point, Banks might have asked a similar series of questions. (Id. at 58.) Eaton testified at trial that Cody did not provide any information of value and that he did not believe Cody knew anything useful. (Id. at 87.) When Cody took the stand, he confirmed Eaton's testimony, stating that Eaton "asked us if we had any information on who was doing the robberies and murders and where the drugs at, and I told him I don't." (Id. at 127.) After Cody was arrested, Banks brought him to Precinct 2. (Id. at 56.) Banks testified that Cody was read his Miranda rights and he did not want to speak without an attorney, so he was taken to the

Chatham County Detention Center. (Id.) Cody's story is a bit different. He testified that the arresting officers brought him to the police station "and they questioned [me] again about the information about do [I] know who doing the robberies and the murders, you know, where the drugs at, so I told him I don't know. We stayed there for about two hours." (Id. at 128.)

Upon reviewing the record, it is clear that Cody is laboring under the misimpression that any questioning by police officers must be preceded by an advice of rights. That is simply not the case. "The prosecution may not use statements, whether exculpatory or inculpatory, stemming from *custodial interrogation* of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444 (1966) (emphasis added). Consequently, no warnings were required during the non-custodial pre-arrest questioning. Taking Cody's factual averments as true, however, he provided an exculpatory statement during his post-arrest questioning by replying "I don't

know" in response to the officers' inquiries.[12]  Although the statement may have been subject to suppression, it had such little bearing on Cody's guilt or innocence of the crimes charged that the Court cannot say counsel rendered deficient performance by failing to move to suppress it.  Further, Cody has failed to demonstrate that he suffered any prejudice resulting from the failure to suppress.  He does not allege, and the record does not show, that his conviction in any way rested upon any statement made to the police.  Even if all references to the allegedly improper questioning were suppressed, there is no reasonable probability that the outcome of the trial would have been different.  Strickland, 466 U.S. at 694.  As this ground for relief is plainly without merit, no hearing is required.  Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) ("In deciding whether to grant a hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.")

---

[12]  The trial testimony of Cody, Eaton, and Banks establishes that Cody offered up no incriminating evidence during the pre-arrest or post-arrest questioning.

## IV.  CONCLUSION

For the foregoing reasons, Cody's motion for relief pursuant to 28 U.S.C. § 2254 should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this  29th  day of August, 2008.

/s/ **G.R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**